UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHATHAN SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:13CV1987 DDN |
| DEAN MINOR, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition is comprised of thirty pages of rambling and mostly irrelevant accusations concerning the sovereignty of the Moorish people, the suppression of the Moorish people by "Asiatics and Europeans," and a masonic conspiracy. Having reviewed the petition, the Court finds that petitioner is not entitled to relief because his claims are non-cognizable in these proceedings.

On November 20, 2012, petitioner pled guilty to unlawful possession of a firearm, unlawful use of drug paraphernalia, and possession of heroin. See Smith v. Missouri, No. 1322-CC00095 (22nd Judicial Cir., Order dated September 9, 2013). The court sentenced petitioner to two concurrent terms of five years' imprisonment. Id. at 2. Petitioner did not file a direct appeal.

Petitioner filed a motion for postconviction relief, in which he alleged that trial counsel was ineffective for failing to file a motion to suppress evidence found in his locked safe. Id. The motion court denied relief on September 9, 2013, finding that movant consented to the search and that he waived any Fourth Amendment claim when he pled guilty. Id. at 4-5. Petitioner did not appeal. Pet. at 23. However, petitioner filed an original petition for writ of habeas corpus with the Missouri Supreme Court on August 12, 2013, which is still pending. Ex. Rel. Smith v. Missouri, No. SC93611 (Mo. banc).

In the instant petition, petitioner alleges that his sentence should be vacated because (1) his conviction is outside the scope of any Moroccan treaty and he did not consent to the search of his property, (2) the sentencing court's finding that he was a prior and persistent offender infringed upon his rights, (3) the time limits for postconviction relief proceedings were violated by the parties and the courts, and (4) the police and laboratory reports were falsified.

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Furthermore, a state prisoner "may

not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Petitioner's claims regarding the Moorish Science Temple of America and Moroccan treaties are not cognizable in these proceedings. Fatal to petitioner's assertion of immunity is the non-recognition of the Moorish Nation as a sovereign state by the United States. See Benton-El v. Odom, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); Osiris v. Brown, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); Khattab El v. United States Justice Dept., 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988). Petitioner cannot unilaterally bestow sovereign immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984).

Whether petitioner qualifies as a prior and persistent offender under state law, and whether the time limits were adhered to in the state postconviction proceedings, are matters of state law and are not cognizable in federal habeas proceedings.

A Fourth Amendment claim is not cognizable on federal habeas review unless the state fails to provide "an opportunity for full and fair litigation of [the] claim." Stone v. Powell, 428 U.S. 465, 494 (1976). Thus, the Court will review a Fourth Amendment claim raised in a habeas petition only if either "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable

breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir.1994) (en banc). Petitioner's Fourth Amendment claims are not cognizable in these proceedings. Petitioner has not alleged that the state failed to provide him an opportunity to litigate these claims. As a result, petitioner's claims regarding the search and the accuracy of the police reports are not cognizable in these proceedings.

Finally, petitioner has failed to allege facts showing that his guilty plea was unknowing or involuntary. Therefore, he has not set forth a prima facie claim for relief. See United States v. Broce, 488 U.S. 563, 569 (1989).

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for investigative and expert services [ECF No. 4] is **DENIED**.

An Order of Dismissal will be filed contemporaneously.

Dated this 10th day of October, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE